## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**FILED**

MAR 1 8 2007 WH

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **KEVIN D. MILLER** | § | |
| | § | **No. 06 C 2883** |
| | § | |
| v. | § | Judge Grady |
| | § | |
| | § | Magistrate Judge Cole |
| **TRANS UNION, LLC** *et al.* | § | |
| | § | |
| | § | |

### NOTICE OF FILING

To:   **Trans Union, LLC**, through counsel of record, Albert E. Hartmann, Chad J. Shifrin and Monica L. Thompson, PIPER RUDNICK GRAY CARY, 203 North LaSalle Street, #1900, Chicago, IL 60601

**Experian Information Solution, Inc.**, through counsel of record, John M. Wright, JONES DAY, 77 West Wacker Drive, Suite 3500, Chicago, IL 60601

**Supportkids, Inc.**, through counsel of record, Paul A. Greco, Riccardo A. DiMonte, Julia Jensen Smolka, DiMONTE & LIZAK, 216 Higgins Road, Park Ridge, IL 60068

**PLEASE TAKE NOTICE** that on **March 12, 2007**, there was filed with the District Court my **First Amended Complaint**, a copy of which is attached and hereby served upon you.

Kevin D. Miller
431 Ridgemoor Drive #4
Fort Wayne, Indiana 46825
(317) 450-0611

### CERTIFICATE OF SERVICE

I, Kevin D. Miller, certify that on March 10, 2007, a copy of this document was served by U.S. mail upon the above-referenced persons.

Kevin D. Miller

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*FILED*

MAR 1 3 2007 WH

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| KEVIN D. MILLER | § | |
| | § | No. 06 C 2883 |
| | § | |
| v. | § | Judge Grady |
| | § | |
| | § | Magistrate Judge Cole |
| TRANS UNION, LLC *et al.* | § | |
| | § | |
| | § | |

## FIRST AMENDED COMPLAINT

### I. Introduction

**COMES NOW** the Plaintiff Miller, *pro se*, and, per leave of the court, would file this First Amended Complaint so that the pleadings may be brought in line with the evidence and law of this case.

Miller asserts claims against Defendants Trans Union, Experian, and Supportkids for conduct involving:

(1) Supportkids' repeated acts of obtaining Miller's personal credit information from Trans Union and Experian without a permissible purpose;

(2) Supportkids' failure to disclose to Trans Union and Experian the identity of a third party as the prospective user or end-user of Miller's consumer report information; and

(3) Trans Union's and Experian's failure to disclose the same to Miller.

Miller alleges that the defendants' conduct constituted willful or negligent violations of various provisions of the FCRA. Miller further alleges that Supportkids violated various provisions of Illinois consumer protection statutes and committed the tort of invasion of privacy.

Miller seeks actual, statutory and punitive damages, as well as costs (and attorney's fees if it becomes necessary to obtain legal counsel). In support of the claims asserted herein, Miller would show the following:

1

## II. Jurisdiction and Venue

1.  This Court has jurisdiction over this matter pursuant to 28 USC § 1331 and 15 USC § 1681p.

2.  Venue lies in the Northern District of Illinois pursuant to 28 USC §§ 1391(b, c).

## III. Parties

3.  Plaintiff Miller, a natural person, is a citizen and resident of Indiana and a "consumer" within the meaning of the FCRA, Section 1681a(c).

4.  Defendant Trans Union is a "consumer reporting agency" within the meaning of the FCRA, Section 1681a(f); its office and principal place of business is located in Chicago, within the Northern District of Illinois.

5.  Defendant Experian, a "consumer reporting agency" within the meaning of the FCRA, Section 1681a(f), is an Ohio corporation; its office and principal place of business is located in Costa Mesa, California.

6.  Defendant Supportkids is a Texas corporation; its office and principal place of business is located in Austin. Supportkids is a "person" within the meaning of the FCRA, Section 1681a(b). Suppportkids is in the business of collecting past-due child support on behalf of third parties. For fees which can range up to 34% of monies collected, Supportkids services include gathering and collecting consumer information for use by its clients in state court and administrative child support enforcement proceedings. Supportkids is not a governmental entity.

7.  Upon information and belief, Trans Union and Experian knew that Supportkids was in the business of collecting past-due child support on behalf of third parties.

## IV. Law of the Case

8.  Supportkids lacked a permissible purpose under 15 U.S.C. § 1681b(a)(3)(A) to use or obtain Miller's credit report. See Memorandum Opinion in this cause, dated February 28, 2007.

### V. Factual Allegations

9. On or about November 3, 1999, Supportkids obtained Miller's credit report from Experian. Shortly thereafter, Miller initiated a lawsuit against Supportkids, asserting, *inter alia*, a claim under the FCRA and a claim for invasion of privacy. That case settled during December 2001.

10. On or about September 8, 2003, Miller, in a representative capacity on behalf of the United States, filed a *qui tam* (whistleblower) action against Supportkids for submitting false claims to the Government in violation of the federal False Claims Act, 31 USC §§ 3729 *et seq*. The whistleblower action terminated during December 2005.

11. During the pendency of the *qui tam* action, Supportkids obtained Miller's credit report on at least three separate occasions: twice from Experian, on October 14, 2004 and October 13, 2005; and once from Trans Union, on March 25, 2005.

12. Although Supportkids is in the business of collecting past-due child support, upon information and belief, Supportkids certified to Trans Union and Experian its purpose for obtaining Miller's credit information to be pursuant to 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with a credit transaction initiated by Miller.

13. That certification was false. Supportkids has since revealed that it obtained Miller's credit reports for the purpose of collecting past-due child support from Miller on behalf of a third party, Alisa Sidbury. (Though Supportkids alleges to have also been authorized to collect past-due child owed to Miller's ex-wife, Angela Miller, the company denies that it obtained Miller's consumer report information on her behalf). Alisa Sidbury and Angela Miller are natural persons.

14. On no occasion was Trans Union or Experian ordered by a court or federal grand jury subpoena to grant Supportkids, Alisa Sidbury or Angela Miller access to Miller's personal credit information.

15. Supportkids requests for Miller's personal credit information were not pursuant to written instructions from Miller.

3

16. Supportkids' requests for Miller's consumer report information were not in connection with a business or credit transaction initiated by Miller.

17. Miller has never sought employment, insurance, a license or any other benefit through or with Supportkids, Alisa Sidbury or Angela Miller.

18. Miller has never established a relationship such that Supportkids, Alisa Sidbury or Angela Miller was designated as an investor, servicer, or insurer of one of his credit obligations.

19. Supportkids never requested or received Miller's credit report at the bequest or on behalf of a state or local governmental agency to establish or modify child support.

20. Upon information and belief, Trans Union had no reason to believe that Supportkids possessed a permissible purpose to use or obtain Miller's consumer report information.

21. Upon information and belief, Experian had no reason to believe that Supportkids possessed a permissible purpose to use or obtain Miller's consumer report information.

22. Upon information and belief, Supportkids failed to disclose to Trans Union the identity of Alisa Sidbury as the prospective user or end-user of Miller's consumer report information when Supportkids requested and received Miller's credit report from Trans Union on March 25, 2005.

23. Upon information and belief, Supportkids failed to disclose to Experian the identity of Alisa Sidbury as the prospective user or end-user of Miller's consumer report information when Supportkids requested and received Miller's credit report from Experian on October 14, 2004 and October 13, 2005.

24. During April-May of 2005, Miller requested his credit reports from Trans Union and Experian.

25. In response to Miller's 2005 request, Experian failed to disclose to Miller the identity of Alisa Sidbury as the prospective user or end-user of Miller's consumer report information on October 14, 2004.

26. In response to Miller's 2005 request, Trans Union failed to disclose to Miller the identity of Alisa Sidbury as the prospective user or end-user of Miller's consumer report information on March 25, 2005.

27. During March-April of 2006, Miller again requested his credit reports from Trans Union and Experian.

28. In response to Miller's 2006 request, Experian failed to disclose to Miller the identity of Alisa Sidbury as the prospective user or end-user of Miller's consumer report information on October 13, 2005.

29. Miller's consumer reports contained confidential and personal financial account information as well as other personal information the privacy of which Miller expected to be maintained.

30. Supportkids' multiple incursions into Miller's personal and financial dealings without his consent are particularly intrusive and harassing: despite being sued by Miller for the same conduct during June 2000, Supportkids reinitiated and repeatedly engaged in similar conduct while Supportkids and Miller were on opposite sides of litigation in a subsequent whistleblower action. The injury to Miller's privacy expectations was compounded by the insult to his dignity which resulted from Supportkids failure to disclose that it was trolling through Miller's personal credit information for a third party, Alisa Sidbury. As a result of Supportkids' repeated trespasses into Miller's personal affairs and private life, Miller has experienced outrage, exasperation, frustration, anguish, embarrassment and humiliation.

## VI. Causes of Action

31. The factual allegations and assertions of paragraphs 1 – 30, above, are incorporated into each of the following causes of action as if fully set forth therein.

32. Without limiting the scope of liability, the defendants' conduct satisfied the elements necessary to establish liability under the following legal theories:

5

## Count I

### Trans Union's Willful Violation of 15 U.S.C. § 1681b(a)

33. Despite being aware of the business in which Supportkids is engaged, Trans Union, on or about **March 25, 2005,** violated 15 U.S.C. § 1681b(a) by willfully granting Supportkids access to Miller's consumer report information without reason to believe that a permissible purpose existed for Supportkids to access the information.

34. **WHEREFORE,** pursuant to 15 U.S.C. § 1681n, judgment is demanded against Trans Union according to the allegations above and as deemed proper and lawful by the Court to include:
    A. actual damages in the amount of $25,000;
    B. punitive damages in the amount of $250,000 to deter similar and future violations;
    C. costs associated with pressing this action; and
    D. reasonable attorney's fees (if it becomes necessary to obtain legal counsel).

## Count II

### Trans Union's Willful Violation of 15 U.S.C. § 1681g(a)(3)(A)(ii)

35. During **April-May 2005,** in violation of 15 U.S.C. § 1681g(a)(3)(A)(ii), Trans Union failed to disclose to Miller the identity of Alisa Sidbury as a prospective user or end-user of Miller's personal credit information on March 25, 2005. Trans Union's procedures for identifying third parties on whose behalf consumer report information is obtained is lacking to such a degree that its conduct may be considered willful.

36. **WHEREFORE,** pursuant to 15 U.S.C. § 1681n, judgment is demanded against Trans Union according to the allegations above and as deemed proper and lawful by the Court to include:
    A. statutory damages of $1,000;
    B. punitive damages as the Court may allow to deter similar and future violations;
    C. costs associated with pressing this action; and
    D. reasonable attorney's fees (if it becomes necessary to obtain legal counsel).

## Count III

### Trans Union's Negligent Violation of 15 U.S.C. § 1681b(a)

37. On or about **March 25, 2005**, in negligent violation of 15 U.S.C. § 1681b(a), Trans Union granted Supportkids access to Miller's consumer report information without reason to believe that a permissible purpose existed for Supportkids to access the information.

38. **WHEREFORE,** pursuant to 15 U.S.C. § 1681o, judgment is demanded against Trans Union according to the allegations above and as deemed proper and lawful by the Court to include:
    A.  actual damages in the amount of $25,000;
    B.  costs associated with pressing this action; and
    C.  reasonable attorney's fees (if it becomes necessary to obtain legal counsel).

## Count IV

### Trans Union's Negligent Violation of 15 U.S.C. § 1681e(a)

39. On or about **March 25, 2005**, Trans Union negligently failed to maintain reasonable procedures as required by 15 U.S.C. § 1681e(a) to limit the dissemination of Miller's consumer report information to the purposes listed under 15 U.S.C. § 1681b(a).

40. Additionally and/or alternatively, Trans Union negligently failed to maintain reasonable procedures to ensure that reasonable efforts were made to identify Alisa Sidbury as a prospective user of Miller's consumer report information as required by 15 U.S.C. § 1681e(a).

41. **WHEREFORE,** pursuant to 15 U.S.C. § 1681o, judgment is demanded against Trans Union according to the allegations above and as deemed proper and lawful by the Court to include:
    A.  actual damages in the amount of $25,000;
    B.  costs associated with pressing this action; and
    C.  reasonable attorney's fees (if it becomes necessary to obtain legal counsel).

## Count V

### Trans Union's Negligent Violation of 15 U.S.C. § 1681g(a)(3)(A)(ii)

42. During **April-May 2005**, in negligent violation of 15 U.S.C. § 1681g(a)(3)(A)(ii), Trans Union failed to disclose to Miller the identity of Alisa Sidbury as a prospective user or end-user of Miller's personal credit information on March 25, 2005.

43. **WHEREFORE,** pursuant to 15 U.S.C. § 1681o, judgment is demanded against Trans Union according to the allegations above and as deemed proper and lawful by the Court to include:
    A. costs associated with pressing this action; and
    B. reasonable attorney's fees (if it becomes necessary to obtain legal counsel).

## Count VI

### Experian's Willful Violations of 15 U.S.C. § 1681b(a)

44. Despite being aware of the business in which Supportkids is engaged, on or about **October 14, 2004** and/or **October 13, 2005**, Experian violated 15 U.S.C. § 1681b(a) by willfully granting Supportkids access to Miller's consumer report information without reason to believe that a permissible purpose existed for Supportkids to access the information.

45. **WHEREFORE,** pursuant to 15 USC § 1681n, judgment is demanded against Experian according to the allegations above and as deemed proper and lawful by the Court to include:
    A. actual damages in the amount of $50,000;
    B. punitive damages in the amount of $500,000 to deter similar and future violations;
    C. costs associated with pressing this action; and
    D. reasonable attorney's fees (if it becomes necessary to obtain legal counsel).

## Count VII

### Experian's Willful Violations of 15 U.S.C. § 1681g(a)(3)(A)(ii)

46. During **April-May 2005** and/or **March-April 2006**, in willful violation of 15 U.S.C. § 1681g(a)(3)(A)(ii), Experian failed to disclose to Miller the identity of Alisa Sidbury as a prospective user or end-user of Miller's personal credit information on October 14, 2004 and October 13, 2005.  Experian's procedures for identifying third parties on whose behalf consumer report information is obtained is lacking to such a degree that its conduct may be considered willful.

47. **WHEREFORE**, pursuant to 15 U.S.C. § 1681n, judgment is demanded against Experian according to the allegations above and as deemed proper and lawful by the Court to include:
    A. statutory damages of $1,000 per violation;
    B. punitive damages as the Court may allow to deter similar and future violations;
    C. costs associated with pressing this action; and
    D. reasonable attorney's fees (if it becomes necessary to obtain legal counsel).

## Count VIII

### Experian's Negligent Violations of 15 U.S.C. § 1681b(a)

48. On or about **October 14, 2004** and/or **October 13, 2005**, in negligent violation of 15 U.S.C. § 1681b(a), Experian granted Supportkids access to Miller's consumer report information without reason to believe that a permissible purpose existed for Supportkids to access the information.

49. **WHEREFORE**, pursuant to 15 USC § 1681o, judgment is demanded against Experian according to the allegations above and as deemed proper and lawful by the Court to include:
    A. actual damages in the amount of $50,000;
    B. costs associated with pressing this action; and
    C. reasonable attorney's fees (if it becomes necessary to obtain legal counsel).

## Count IX

### Experian's Negligent Violations of 15 U.S.C. § 1681e(a)

50. On or about **October 14, 2004** and/or **October 13, 2005**, Experian negligently failed to maintain reasonable procedures as required by 15 U.S.C. § 1681e(a) to limit the dissemination of Miller's consumer report information to the purposes listed under 15 U.S.C. § 1681b(a).

51. Additionally and/or alternatively, Experian negligently failed to maintain reasonable procedures to ensure that reasonable efforts were made to identify Alisa Sidbury as a prospective user of Miller's consumer report information as required by 15 U.S.C. § 1681e(a).

52. **WHEREFORE**, pursuant to 15 USC § 1681o, judgment is demanded against Experian according to the allegations above and as deemed proper and lawful by the Court to include:
    A. actual damages in the amount of $50,000;
    B. costs associated with pressing this action; and
    C. reasonable attorney's fees (if it becomes necessary to obtain legal counsel).


## Count X

### Experian's Negligent Violations of 15 U.S.C. § 1681g(a)(3)(A)(ii)

53. During **April-May 2005** and **March-April 2006**, in negligent violation of 15 U.S.C. § 1681g(a)(3)(A)(ii), Experian failed to disclose to Miller the identity of Alisa Sidbury as a prospective user or end-user of Miller's personal credit information on October 14, 2004 and October 13, 2005.

54. **WHEREFORE**, pursuant to 15 U.S.C. § 1681o, judgment is demanded against Experian according to the allegations above and as deemed proper and lawful by the Court to include:
    A. costs associated with pressing this action; and
    B. reasonable attorney's fees (if it becomes necessary to obtain legal counsel).

## Count XI

### Supportkids' Willful Violations of 15 U.S.C. § 1681b(a)

55. On or about **October 14, 2004**, **March 25, 2005**, and/or **October 13, 2005**, Supportkids, in violation of 15 U.S.C. § 1681b(a), willfully obtained Miller's personal credit information without a permissible purpose.

56. **WHEREFORE**, pursuant to 15 U.S.C. § 1681n, judgment is demanded against Supportkids according to the allegations above and as deemed proper and lawful by the Court to include:

    A. actual damages in the amount of $300,000;

    B. punitive damages in the amount of $3,000,000 due to Supportkids' obdurate, willful and repeated intrusions into Miller's personal financial affairs and private life and the need to serve the public interest by deterring similar and future abuses;

    C. costs associated with pressing this action; and

    D. reasonable attorney's fees (if it becomes necessary to obtain legal counsel).


## Count XII

### Supportkids' Willful Violations of 15 U.S.C. § 1681b(f)(2)

57. On or about **October 14, 2004**, **March 25, 2005**, and/or **October 13, 2005**, Supportkids violated 15 U.S.C. § 1681b(f)(2) by willfully failing to disclose to Trans Union and Experian the identity of Alisa Sidbury as a prospective user of Miller's consumer report information.

58. **WHEREFORE**, pursuant to 15 U.S.C. § 1681n, judgment is demanded against Supportkids according to the allegations above and as deemed proper and lawful by the Court to include:

    A. statutory damages of $1,000 per violation;

    B. punitive damages in the amount of $1,000,000 due to the need to serve the public interest by deterring similar and future violations;

    C. costs associated with pressing this action; and

    D. reasonable attorney's fees (if it becomes necessary to obtain legal counsel).

11

## Count XIII

### Supportkids' Willful Violations of 15 U.S.C. § 1681e(e)(1)(A)

59. On or about **October 14, 2004, March 25, 2005,** and/or **October 13, 2005,** Supportkids violated 15 U.S.C. § 1681e(e)(1)(A) by willfully failing to disclose to Trans Union and Experian the identity of Alisa Sidbury as an end-user of Miller's consumer report information.

60. **WHEREFORE**, pursuant to 15 U.S.C. § 1681n, judgment is demanded against Supportkids according to the allegations above and as deemed proper and lawful by the Court to include:

   A. statutory damages of $1,000 per violation;

   B. punitive damages in the amount of $1,000,000 due to the need to serve the public interest by deterring similar and future violations;

   C. costs associated with pressing this action; and

   D. reasonable attorney's fees (if it becomes necessary to obtain legal counsel).

## Count XIV

### Supportkids' Willful Violations of 15 U.S.C. § 1681q

61. On or about **October 14, 2004, March 25, 2005,** and/or **October 13, 2005,** Supportkids violated 15 U.S.C. § 1681q by knowingly and willfully obtaining Miller's consumer report information under false pretenses in that Supportkids obtained the information on behalf of Alisa Sidbury, a person other than that certified to Trans Union and Experian.

62. Additionally and/or alternatively, Supportkids obtained Miller's credit report for collecting past-due child support, a purpose other than that certified to Trans Union and Experian (or authorized under 15 U.S.C. § 1681b(a)(3)(A)).

63. **WHEREFORE**, pursuant to 15 U.S.C. § 1681n, judgment is demanded against Supportkids according to the allegations above and as deemed proper and lawful by the Court to include:

   A. statutory damages of $1,000 per violation;

   B. punitive damages in the amount of $1,000,000 due to the need to serve the public interest by deterring similar and future violations;

   C. costs associated with pressing this action; and

   D. reasonable attorney's fees (if it becomes necessary to obtain legal counsel).

## Count XV

### Supportkids' Negligent Violations of 15 U.S.C. § 1681b(a).

64. On or about **October 14, 2004**, **March 25, 2005**, and/or **October 13, 2005**, Supportkids, in violation of 15 U.S.C. § 1681b(a), negligently obtained Miller's personal credit information without a permissible purpose.

65. **WHEREFORE**, pursuant to 15 USC § 1681o, judgment is demanded against Supportkids according to the allegations above and as deemed proper and lawful by the Court to include:
    A. actual damages in the amount of $300,000;
    B. costs associated with pressing this action; and
    C. reasonable attorney's fees (if it becomes necessary to obtain legal counsel).

## Count XVI

### Supportkids' Negligent Violations of 15 U.S.C. § 1681b(f)(2)

66. On or about **October 14, 2004**, **March 25, 2005**, and/or **October 13, 2005**, Supportkids violated 15 U.S.C. § 1681b(f)(2) by negligently failing to disclose to Trans Union and Experian the identity of Alisa Sidbury as a prospective user of Miller's consumer report information.

67. **WHEREFORE**, pursuant to 15 U.S.C. § 1681o, judgment is demanded against Supportkids according to the allegations above and as deemed proper and lawful by the Court to include:
    A. costs associated with pressing this action; and
    B. reasonable attorney's fees (if it becomes necessary to obtain legal counsel).

## Count XVII

### Supportkids' Negligent Violations of 15 U.S.C. § 1681e(e)(1)(A)

68. On or about **October 14, 2004, March 25, 2005**, and/or **October 13, 2005**, Supportkids violated 15 U.S.C. § 1681e(e)(1)(A) by negligently failing to disclose to Trans Union and Experian the identity of Alisa Sidbury as an end-user of Miller's consumer report information.

69. **WHEREFORE**, pursuant to 15 U.S.C. § 1681o, judgment is demanded against Supportkids according to the allegations above and as deemed proper and lawful by the Court to include:

    A. costs associated with pressing this action; and

    B. reasonable attorney's fees (if it becomes necessary to obtain legal counsel).

## Count XVIII

### Invasion of Privacy (Intrusion)

70. On or about **October 14, 2004, March 25, 2005**, and/or **October 13, 2005**, Supportkids intentionally intruded upon Miller's privacy interests in the contents of his credit report by unlawfully obtaining the same from Trans Union and/or Experian.   Despite having previously been sued by Miller for the same conduct, Supportkids repeatedly trespassed upon Miller's personal affairs and private life while Miller, in a representative capacity on behalf of the United States Government, was on the opposite side of litigation of Supportkids in a subsequent whistleblower action.   Supportkids' whole course of conduct, including its conduct of unlawfully trolling through and monitoring Miller's confidential credit information without his permission on behalf of a third party, is of a nature which is highly offensive or objectionable to a reasonable person.   Due to Supportkids' conduct, Miller has suffered exasperation, outrage, frustration, anguish, embarrassment and humiliation.

71. **WHEREFORE**, judgment is demanded against Supportkids to include:

    A. actual damages in the amount of $300,000;

    B. punitive damages in the amount of $3,000,000 due to Supportkids' obdurate, willful and fraudulent behavior and the need to serve the public interest by deterring similar and future abuses; and

    C. such further relief as may be proper and just.

14

## Count XIX

### Supportkids' Violations of Illinois' Deceptive Trade Practices Act and Consumer Fraud and Deceptive Business Practices Act

72. On or about **March 25, 2005**, Supportkids, in violation of 815 ILCS 510/2(a)(3) and (a)(5), engaged in deceptive trade practices when in the course of its business Supportkids:

    (1) failed to disclose to Trans Union the identity of Alisa Sidbury as a prospective user or end-user of Miller's consumer report information;

    (2) caused the likelihood of confusion or of misunderstanding as to whether it was affiliated with, connected to, associated with, or certified by a person with a permissible purpose to access Miller's credit report; and/or

    (3) (mis)represented to Trans Union that it had the status or approval of a person with a permissible purpose to access Miller's credit history.

73. Pursuant to 815 ILCS 505/2, the use or employment of the above-mentioned practices also constituted a deceptive business practice.

74. As a result of Supportkids' deceptive business and trade practices, Miller's privacy interests have been violated and he has suffered exasperation, outrage, frustration, anguish, embarrassment and humiliation.

75. **WHEREFORE**, pursuant to 815 ILCS 505/10a(a), judgment is demanded against Supportkids to include:

    A. actual damages to Miller in the amount of $300,000;

    B. punitive damages as the Court may deem proper to deter similar and future violations;

    C. such further relief as may be proper and just.

Respectfully Submitted,

Kevin D. Miller
431 Ridgemoor Drive #4
Fort Wayne, Indiana 46825
(317) 450-0611