06-2883.072-JCD                                           August 14, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

```
KEVIN D. MILLER,                 )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No. 06 C 2883
                                 )
TRANS UNION, LLC, et al.,        )
                                 )
          Defendants.            )
```

**MEMORANDUM OPINION**

Before the court are two motions brought by plaintiff, Kevin D. Miller: (1) a motion to strike two of the affirmative defenses asserted by defendant Supportkids, Inc. ("Supportkids"); and (2) a motion to compel certain discovery from Supportkids. For the reasons explained below, the motion to strike is granted, and the motion to compel is granted in part and denied in part.

Plaintiff brought this action pursuant to the Fair Credit Reporting Act (the "FCRA") against TransUnion LLC ("TransUnion") and Experian Information Systems, Inc. ("Experian"), which are credit reporting agencies, as well as Supportkids, Inc. ("Supportkids"), a private child support enforcement agency. Earlier this year, we issued a memorandum opinion denying plaintiff's and Supportkids's cross-motions for summary judgment. Despite denying the motions, we did deem it established that Supportkids did not have a permissible purpose under 15 U.S.C. §

1681b(a)(3)(A) to request or receive plaintiff's consumer report. We emphasized, however, that our ruling did not establish that Supportkids was liable under any count of the complaint because plaintiff still has the burden of proving all of the elements of his claims, including the necessary mental state and, in several instances, actual damages--and Supportkids is free to rebut those remaining elements.  (Memorandum Opinion of Feb. 28, 2007 at 15.)

After the issuance of our memorandum opinion, plaintiff filed a First Amended Complaint, and defendants filed answers. Supportkids asserted several affirmative defenses, two of which plaintiff now moves to strike.  Plaintiff also moves to compel "complete and non-evasive" responses to various interrogatories and requests for production that were served on Supportkids.

## DISCUSSION

### A. Motion to Strike Affirmative Defenses

Plaintiff moves to strike Supportkids's affirmative defenses II (unclean hands) and III (estoppel).  Supportkids indicates in its response brief that it is voluntarily withdrawing its unclean hands defense, so that leaves only the estoppel defense for discussion.  That defense is as follows:

> 1. Any purported damages allegedly suffered by Miller, which Supportkids continues to deny, were the direct and proximate result of the conduct of Miller.  Therefore, Miller is estopped and barred from recovery of any damages.
> 2. On or around July 12, 1990, Kevin Miller was ordered by the Norfolk Juvenile and Domestic Relations District

- 3 -

> Court of Virginia in case number A38084-01-00 ("Domestic Relations Proceedings") to pay child support in the amount of $200 per month for the support of Kiona Sidbury, born to Alisa Sidbury on December 4, 1986.
> 3.  Thereafter, on information and belief, Plaintiff failed to meet his child support obligation to Sidbury. Specifically, on information and belief, Plaintiff willfully and repeatedly failed to make payments required by court orders entered in the Domestic Relations Proceedings.
> 4.  Upon information and belief, Plaintiff's willful actions include:
> (a)   failing to pay a support obligation with respect to a child who resides in another State, and such obligation has remained unpaid for a period longer than 1 year, or greater than $5,000; or
> (b)   failing to pay a support obligation with respect to a child who resides in another State, and such obligation has remained unpaid for a period longer than 2 years, or is greater than $10,000; or
> (c)   violating court orders entered in the Domestic Relations Proceedings.
> 5.  Plaintiff is estopped from claiming any damages because Supportkids relied on his aforementioned actions to its detriment.

(Supportkids's Answer to First Am. Compl. and Affirmative Defenses at 20-21.)

These allegations do not adequately raise the defense of estoppel. Estoppel "arises only when when one has so acted as to mislead another and the one thus misled has relied upon the action of the inducing party to his prejudice." Advanced Hydraulics, Inc. v. Otis Elevator Co., 525 F.2d 477, 479 (7th Cir. 1975) (quoting Lebold v. Inland Steel Co., 125 F.2d 369, 375 (7th Cir. 1941)). The estoppel doctrine prevents a party from benefitting from its own misrepresentations. Black v. TIC Inv. Corp., 900 F.2d 112, 115 (7th Cir. 1990).

- 4 -

Supportkids has failed to plead the essential element of estoppel--a misrepresentation.  Supportkids alleges that it relied on plaintiff's failure to pay child support.  That conduct is not a misrepresentation, or in fact any type of "representation" to Supportkids.

Because Supportkids has failed to adequately plead the affirmative defense of estoppel, that defense will be stricken as impertinent and immaterial pursuant to Federal Rule of Civil Procedure 12(f).

**B.  Motion to Compel**

Plaintiff complains that after extensive discussions with counsel for Supportkids, the parties have been unable to resolve several issues with respect to the discovery plaintiff seeks. After discussing the general matter of the time period as to which plaintiff may obtain discovery, we will address each of plaintiff's interrogatories and document requests that are at issue.

**1.  Time Period**

After consultation with plaintiff, Supportkids agreed to produce discovery from January 1, 2002 forward.  Plaintiff concedes that he agreed to limit his discovery requests to this time frame, but now requests that the time period be expanded as far back as 1999 "[b]ecause Supportkids has failed . . . to respond completely and nonevasively to discovery requests."  (Pl.'s Mem. in Supp. of Mot. to Compel at 2.)

Plaintiff's request is denied.  Whether Supportkids has complied with its discovery obligations is a matter for the court.  Plaintiff previously agreed on a relevant time frame with Supportkids, and he will be held to that agreement.  Furthermore, it does not appear that discovery prior to 2002 would be relevant to plaintiff's claims.  The motion to compel is denied insofar as it seeks discovery prior to January 1, 2002.

2.  **Interrogatories**

**Interrogatory No. 2:**  List the full business name(s), address(es), and phone numbers of all consumer reporting agencies other than Trans Union and Experian from which Supportkids has obtained consumers' credit reports.

Plaintiff first complains that Supportkids's response that it never requested plaintiff's consumer report from any consumer reporting agency other than TransUnion and Experian after December 2003 is "demonstrably false" because Supportkids also obtained information from an entity called "Accurint." (Pl.'s Mem. in Supp. of Mot. to Compel at 3.)  The parties disagree on whether Accurint can be deemed a "consumer reporting agency" under the FCRA.  Notwithstanding its position that Accurint is not a "consumer reporting agency," Supportkids states that it has produced documents relating to its information requests for Accurint and contends that it is not attempting to hide that it has requested information from Accurint in regard to plaintiff.  Therefore, there appears to be no problem in relation to Accurint.

- 6 -

The primary problem with Supportkids's response to this interrogatory is that it has responded that it has obtained credit reports from TransUnion, Experian, and Equifax and that "upon information and belief," it has not done business with any other consumer reporting agencies.  Supportkids should answer the interrogatory based on its own knowledge; after all, it is the only entity that possesses the knowledge of its sources of consumer reports.  Accordingly, the motion to compel is granted as to Interrogatory No. 2 to the extent that Supportkids is directed to respond not "upon information and belief," but upon its personal knowledge.

> **Interrogatory No. 9**:  Identify each person on whose behalf Supportkids was acting on each occasion that it has ever obtained Miller's personal credit information, specifying the consumer reporting agencies from which the information was obtained and the dates.
>
> **Interrogatory No. 10:**  Identify all persons with whom Supportkids shared Miller's consumer report information, including attorneys, agents, representatives, current clients, former clients, (and attorneys, agents, or representatives of current and former clients).

Our ruling on the relevant time period for discovery disposes of plaintiff's argument as to these two interrogatories, and it appears that Supportkids has fully responded.  The motion to compel is denied as to Interrogatories Nos. 9 and 10.

    3.    <u>**Requests for Production ("RFPs")**</u>

> **RFP No. 3:**  Each edition/revision of Supportkids' training manual(s) since January 1, 1999.

- 7 -

Supportkids has produced only those portions of its training manual that "reference the FCRA," in Supportkids's words, but not the remainder of the manual. Plaintiff maintains that he is entitled to the entire manual, but he fails to explain why the entire manual is relevant.

The motion to compel will be granted in part and denied in part with respect to RFP No. 3. In the court's view, Supportkids should produce any portions of its training manual (going back to January 1, 2002) that not only "reference the FCRA," but refer to Supportkids's policies and practices with respect to obtaining consumer reports. However, the remaining portions of the training manual are not relevant to plaintiff's claims in this case, and we will not require those portions of the manual to be produced.

> **Request for Production No. 10:** All complaints/petitions, including amended complaints/petitions, filed in any legal or administrative action against Supportkids in any jurisdiction since January 1, 2000, exclusive of papers filed in any action in which Miller appeared as a party or party representative.
>
> **Request for Production No. 70:** All pleadings Supportkids filed in response to complaints/petitions filed in any judicial or administrative action against Supportkids in any jurisdiction since January 1, 2000, exclusive of papers filed in any action in which Miller appeared as a party or party representative. (See RFP No. 10 of Plaintiff's First Set of Requests for Production to Defendant Supportkids).

We agree with Supportkids that RFPs Nos. 10 and 70 are overly broad and unduly burdensome. Complaints filed against Supportkids that have nothing to do with the FCRA are not relevant to this

- 8 -

case, and the motion to compel is denied insofar as RFPs Nos. 10 and 70 seek complaints filed in any non-FCRA actions.

Supportkids has responded to these RFPs by stating that it has not previously been sued for violation of the FCRA by anyone other than plaintiff.  In plaintiff's reply brief, he states that Supportkids's response is "evasive and intentionally misleading" because he is aware of two complaints against Supportkids filed with the Texas Department of Banking.  (Pl.'s Reply at 6.) Plaintiff attaches the "complaints" to his reply brief.  It is unclear whether Supportkids had notice of or received these "complaints" from the Texas Department of Banking.  One of the "complaints" is in the nature of correspondence rather than an administrative action, and it is doubtful that the other is truly an administrative action either.  Plaintiff thus has failed to demonstrate that Supportkids's response was "evasive" or "intentionally misleading."  That said, if Supportkids is aware of any additional administrative complaints filed against it (within the relevant time period as discussed supra) that allege violations of FCRA, those complaints should be produced, and the motion to compel is granted to that extent.

> **Request for Production No. 13:**  All billing statements that Supportkids received from Trans Union which cover the period of January 1, 2003 to December 31, 2006.
>
> **Request for Production No. 27:**  All billing statements that Supportkids received from Experian which cover the period of January 1, 2003 to December 31, 2006.

- 9 -

**Request for Production No. 41:** All billing statements that Supportkids received from the consumer reporting agenc(ies) identified in Interrogatory No. 2 which cover the period of January 1, 2003 to December 31, 2006.

Supportkids objects to producing all of its bills from credit reporting agencies because the bills are irrelevant and because production would be burdensome. According to Supportkids, it has requested over 32,000 reports from TransUnion alone, and there would be 32,000 corresponding billing entries. Supportkids also objects on the ground that it would invade its clients' privacy to produce the bills. Plaintiff argues that "[i]nformation contained in the billing statements concerning the number of consumer reports Supportkids obtained from Trans Union and Experian, and the amounts paid for said information, bears on the CRAs 'state of mind.'" (Pl.'s Mem. in Supp. of Mot. to Compel at 8.) We disagree. The bills would show nothing but the cost of the reports requested by Supportkids, and this is not relevant to the credit reporting agencies' intent or state of mind. Even if the bills had some marginal relevance, it would be outweighed by the burden of producing the voluminous bills. The motion to compel is denied as to RFPs Nos. 13, 27, and 41.

**Request for Production No. 69:** All entries in CUBS concerning Miller.

CUBS is the computer program Supportkids uses to keep track of its child-support collection efforts. The only outstanding issue with respect to this RFP appears to be the redacted portions of the

document Supportkids has produced; Supportkids has asserted an attorney-client and/or work-product privilege. Supportkids has not yet produced a privilege log, but states that it will do so. Therefore, with respect to RFP No. 69, the motion to compel is granted insofar as Supportkids is directed to produce a privilege log.

> **Request for Production No. 39**: All membership applications that Supportkids submitted to the consumer reporting agenc(ies) identified in Interrogatory No. 2 which cover the period of January 1, 2000 to the present.

Apparently, Supportkids has produced some membership applications but has failed to produce the membership applications it submitted to Equifax and Accurint. Supportkids fails to address this RFP in its response brief, and plaintiff states that Supportkids has promised to produce its Equifax membership application, so we doubt that Supportkids objects to this RFP. We realize that Supportkids disputes that Accurint is a consumer reporting agency, but Accurint may be such an agency, and Supportkids has already produced certain documents with respect to Accurint. Therefore, the motion to compel is granted with respect to RFP No. 39, and Supportkids is directed to produce the membership applications it submitted to Equifax and Accurint.

> **Request for Production No. 45:** All documents concerning Miller that Supportkids received from the consumer reporting agenc(ies) identified in Interrogatory No. 2.

- 11 -

**Request for Production No. 55:** All contracts, agreements, powers of attorney, and related documents between Supportkids and Alisa Sidbury.

**Request for Production No. 72:** If any consumer reporting agency has ever refused or denied Supportkids' application for a subscription or membership, produce all documents concerning each refusal or denial.

**Request for Production No. 73:** If any consumer reporting agency has ever cancelled Supportkids' membership or subscription, produce all documents concerning each cancellation.

Plaintiff raises various minor issues with Supportkids's responses to these four RFPs, and in its response, Supportkids states that it "does not believe there is any dispute regarding these requests," that it does not have any additional responsive documents, and that it will "work with Miller to ensure that responses are either clarified or amended, so that any confusion regarding Supportkids' responses are cleared up." (Supportkids's Resp. in Opp'n to Pl.'s Mot. to Compel at 9.)  The motion to compel is granted as to these four RFPs (to the extent that discovery shall go no further back than January 1, 2002 as discussed supra), and Supportkids is directed to serve plaintiff with amended or clarified responses to these RFPs.

## CONCLUSION

Plaintiff's motion to strike Supportkids's affirmative defenses is granted, and Supportkids's affirmative defense of estoppel is stricken.  (Supportkids voluntarily withdraws its unclean hands defense.)

- 12 -

Plaintiff's motion to compel is granted in part and denied in part, as explained in detail in our discussion.  Supportkids is to produce the relevant discovery and privilege log by August 28, 2007.

DATE:    August 14, 2007

ENTER:   _____
         John F. Grady, United States District Judge